UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01489-ODW (JDEx) | | Date | March 30, 2026 |
|---|---|---|---|---|
| Title | *Sandra De Leon Perez v. Tim Robbins et al.* | | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**     **ORDER GRANTING TRO [2]**

On March 27, 2026, Petitioner Sandra De Leon Perez filed an Ex Parte Application for a Temporary Restraining Order.  (Ex Parte Appl. ("TRO"), Dkt. No. 2.)  Respondents failed to timely oppose the TRO.  For the following reasons, the Court **GRANTS** Petitioner's TRO.[1]

De Leon Perez was born in Guatemala but has resided in the United States since 2019. (Pet. ¶ 41, Dkt. No. 1.)  On March 26, 2026, Immigration and Customs Enforcement ("ICE") detained De Leon Perez during a scheduled check in.  (*Id.* ¶ 42.)  ICE currently detains De Leon Perez at its Adelanto Detention Facility.  (*Id.* ¶ 43.)  De Leon Perez has no criminal record, is not a flight risk, has strong community ties, and has a United States citizen son.  (*Id.* ¶ 44.)

Following her arrest and transfer to Adelanto Detention Center, Respondents detain De Leon Perez without an opportunity to post bond or be released on other conditions.  (*Id.* ¶ 46.) Respondents preclude De Leon Perez from seeking a bond redetermination hearing before an

---

[1] De Leon Perez raises a legal question whether she is entitled to a bond hearing under 8 U.S.C. § 1225(a). (TRO 3–6.)  The Court has jurisdiction to review "the purely legal question" De Leon Perez raises.  *See United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004).  To the extent De Leon Perez asks the Court to enjoin Respondents from removing her from the United States, (TRO 6), the Court lacks jurisdiction to review her request.  Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien."  Section 1252(g) strips district courts of jurisdiction over claims that challenge the decision to execute a removal order, notwithstanding pending applications for relief. *See Rauda v. Jennings*, 55 F. 4th 773, 778–80 (9th Cir. 2022) ("[T]he government has discretion to decide *when* to remove an alien from a place he has no legal right to remain.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01489-ODW (JDEx) | Date | March 30, 2026 |
|----------|--------------------------|------|----------------|
| Title | *Sandra De Leon Perez v. Tim Robbins et al.* | | |

Immigration Judge pursuant to the Board of Immigration Appeals' ("BIA") precedential decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), holding that noncitizens who entered the United States without inspection or admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*See id.* ¶ 46.)

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, De Leon Perez is likely to succeed in arguing that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2), governs her detention. (TRO 3–4.) The Court has considered this identical issue in nearly identical factual circumstances and incorporates and adopts by reference its analyses in those recent decisions. *See, e.g.*, *Garcia v. Noem*, No. 5:25-cv-02771-ODW (PDx), 2025 WL 2986672, at *2–4 (C.D. Cal. Oct. 22, 2025); *Kumar v. Santacruz Jr.*, No. 5:56-cv-00297-ODW (SSCx), 2026 WL 246018, at *3 (C.D. Cal. Jan. 26, 2026) (collecting cases).

Second, De Leon Perez is likely to suffer irreparable harm because her detention without a bond hearing constitutes a deprivation of due process. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting that "[f]reedom from imprisonment . . . lies at the heart of the liberty" that the Due Process Clause protects); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01489-ODW (JDEx) | Date | March 30, 2026 |
|---|---|---|---|
| Title | *Sandra De Leon Perez v. Tim Robbins et al.* | | |

Finally, De Leon Perez has shown that the balance of equities and the public interest require injunctive relief. (TRO 5–6.) As the Court has previously expressed, "to the extent that the BIA' adopted statutory interpretation deprives [De Leon Perez] of [her] constitutional rights and violates federal law, 'it is clear that neither equity nor the public's interest are furthered by allowing violations of federal law to continue.'" *Gonzalez v. Noem*, No. 5:25-cv-02054-ODW (ADSx), 2025 WL 2633187, at *6 (C.D. Cal. Aug. 13, 2025) (quoting *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022)). Should De Leon Perez continue to be detained without a bond hearing, "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez*, 52 F.4th at 832.

For these reasons, the Court finds that all four *Winter* factors weigh in favor of a TRO. Accordingly, the Court **GRANTS** the TRO. (Dkt. No. 2.) The Court **ORDERS** the following:

- Respondents shall release De Leon Perez or, in the alternative, provide her with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) **within seven (7) days** of the date of this Order;

- Respondents are **ENJOINED** from relocating De Leon Perez outside of the Central District of California pending final resolution of this case; and

- Respondents shall **SHOW CAUSE**, in writing only, to be received by the Court no later than **April 6, 2026**, as to why the Court should not issue a preliminary injunction in this case. De Leon Perez may file a reply by **April 8, 2026**. The Court **SETS** a hearing on the preliminary injunction on **April 13, 2026, at 9:00 a.m.**, via Zoom.

**IT IS SO ORDERED**.

:    00

Initials of Preparer    SE